JUSTIN A. BRACKETT (HI Bar No. 9954)
515 Ward Avenue
Honolulu, HI 96814
Telephone: (808) 377-6778
Email: justinbrackettlaw@gmail.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KENEKE KEALAKAI,<br><br>        Plaintiff,<br>vs.<br><br>Velocity Investments, LLC,<br><br>        Defendant. | CASE NO._1:19-CV-143<br><br>COMPLAINT FOR DAMAGES DECLARATORY AND INJUNCTIVE RELIEF, EXHIBITS A THROUGH B, and VERIFICATION<br><br>JURY TRIAL REQUESTED |

## COMPLAINT

### INTRODUCTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 pursuant to 15 U.S.C. § 1692k(d) as well as 28 U.S.C. § 1367 (supplemental jurisdiction).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"), in their illegal efforts to collect a consumer debt. This is also an action for damages against the Defendants for unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Sections 443B-18, 19, and 20 of the Hawaii Revised Statutes.

[ 1 ]

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Keneke Kealakai (hereinafter "Plaintiff" and/or "Mr. Kealakai") is a natural person who resides in Honolulu County, Hawai'i, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a "Debtor" as that term is defined by Haw. Rev. Stat. § 443B-1.

5. Defendant Velocity Investments, LLC (hereinafter "Defendant Velocity Investments") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in New Jersey, and maintains W. Peter Ragan, Jr., 1800 Route 34N, Suite 404A, Wall, NJ 07719 as its registered agent for service of process.

6. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

7. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and this debt is therefore a "debt" as that term is defined by

15 U.S.C. § 1692a(5).  More specifically, this debt is an apartment lease originally owed to or serviced by Salado Crossing.

8. The primary purpose of Defendant's business is the collection of debts.

9. Defendant Velocity Investments is engaged in the business of purchasing defaulted consumer debts and attempting to collect them by credit reporting and collection lawsuits.

10. Defendant Velocity Investments is regularly engaged in the collection of consumer debts owed or due or asserted to be owed or due another, and attempts to collect them from consumers by making telephone calls and sending collection letters.

11. Defendant cannot legally conduct any collection business, including the collection of debts, in the State of Hawaii without first acquiring a collection license.

12. Defendant is not licensed as a debt collector in the State of Hawaii. (Exhibit A).

13. Upon information and belief Defendant is not an exempt out-of-state collection agency, but even if it were pursuant to H.R.S. § 443B(3.5)(f)(5) "[a] designated exempt out-of-state collection agency shall not: Bring or maintain any action involving the collection of debts of its clients in any court of the State."

### *July 12, 2018 Collection Lawsuit by Defendant Velocity Investments*

14. Defendant Velocity Investments filed a lawsuit against Mr. Kealakai in the Hawaii District Court for the First Circuit on July 12, 2018. (See attached Exhibit B).

15. The July 12, 2018 collection lawsuit identified WebBank as the original creditor and the last four digits of the Account number was listed as 7241. (Exhibit B).

16. The July 12, 2018 collection lawsuit demanded the "Amount" or "Sum" of $5,158.77 on the account as of July 12, 2018. (Exhibit B).

17. The July 12, 2018 collection lawsuit asserts, "This Court has jurisdiction over this matter and venue is proper". (Exhibit B).

18. The July 12, 2018 collection lawsuit asserts that "Plaintiff [Velocity Investments, LLC] is the successor-in-interest of WebBank and to account XXXX7241." (Exhibit B).

19. The July 12, 2018 collection lawsuit explains: "This is an attempt to collect a debt. Any information obtained will be used for that purpose." (Exhibit B).

20. Mr. Kealakai has suffered actual damages in postage and additional damages such as mileage costs and emotional distress due to Defendant's actions.

## CAUSES OF ACTION

### *COUNT ONE:*
### *VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*

#### FIRST VIOLATION OF
#### THE FAIR DEBT COLLECTION PRACTICES ACT:
#### FALSE OR MISLEADING REPRESENTATIONS

21. The acts of Defendants constitute violations of the Fair Debt Collection Practices Act. Defendant's violations of the FDCPA include, but are not limited to, the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, which is a violation of 15 U.S.C. § 1692e.

22. Defendant's use of false, deceptive, or misleading representations is abundantly clear since Defendant is attempting to collect debts in the State of Hawaii without a collection license.

#### SECOND VIOLATION OF THE
#### FAIR DEBT COLLECTION PRACTICES ACT:
#### FALSE OR MISLEADING REPRESENTATIONS

23. Defendant's violations of the FDCPA also include, but are not limited to, the use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, which is a violation of 15 U.S.C. §1692e(2).

24. Defendant did make false, deceptive, or misleading representations in connection with the legal status of Mr. Kealakai's debt, whereas they are demanding

payment from Mr. Kealakai without the required license to collect that account in Hawaii.

## COUNT TWO:
## VIOLATIONS OF THE HAWAI'I REVISED STATUTES

25. A consumer may bring an action based upon unfair or deceptive acts or practices. Haw. Rev. Stat. §480-2.

26. Any person may bring an action based on unfair methods of competition declared unlawful by Haw. Rev. Stat. §480.

27. Mr. Kealakai, a consumer, brings this action based upon Defendant's unfair or deceptive acts or practices as well as their unfair methods of competition.

28. Mr. Kealakai has incurred actual damages as a result of Defendant's acts and practices.

## FIRST VIOLATION OF THE HAWAI'I REVISED STATUTES:
## FALSE REPRESENTATIONS AND
## THE USE OF UNFAIR PRACTICES IN ATTEMPT TO COLLECT A DEBT

29. Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful. Haw. Rev. Stat. § 480-2

30. All collection agencies that collect debts from any person who resides in Hawaii must be registered with the Department of Commerce and Consumer Affairs and must comply with the state's laws and rules.  Haw. Rev. Stat. § 443B.

31. Defendant collects debts from the people of Hawaii, including Mr.

Kealakai.

32. Defendant does not currently hold a Hawaii Collections License.

33. Defendant's collection of accounts without registering as a Collection Agency with the Department of Commerce and Consumer Affairs provides them an unfair competitive advantage and violates Hawaii laws or rules, therefore it is a violation of Haw. Rev. Stat. § 443B and Haw. Rev. Stat. § 480.

### SECOND VIOLATION OF THE HAWAI'I REVISED STATUTES: FALSE OR MISLEADING REPRESENTATIONS

34. The acts of Defendants constitute violations of the Hawai'i Revised Statutes. Violations include, but are not limited to, any false representation or implication of the character, extent, or amount of a claim against a debtor or alleged debtor, or of its status in any legal proceeding. Such conduct is a violation of Haw. Rev. Stat. § 443B-18(5).

35. The underlying debt is disputed.

36. By filing a lawsuit against Mr. Kealakai without first acquiring the necessary licensing, Defendant has made false representations that they can file suit in Hawaii against Mr. Kealakai.

37. By filing a lawsuit against Mr. Kealakai without first acquiring the necessary licensing, Defendant made a false implication of its ability to collect the debt in a legal proceeding before the courts of the State of Hawaii.

38. As a result of Defendant's actions, Mr. Kealakai is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## TRIAL BY JURY

39. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant and in favor of the Plaintiff as follows:

a) Declaratory judgment that Defendant violated Mr. Kealakai's rights under the Fair Debt Collection Practices Act;

b) Declaratory judgment that Defendant violated Mr. Kealakai's rights under the Hawai'i Revised Statutes;

c) Injunctive relief ordering Defendant to cease and desist from collecting debts in the State of Hawaii unless, and until, they have registered with the DCCA as a debt collector;

d) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every defendant in an amount to be determined at a trial by a jury;

    e)      That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

    f)      That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

    g)      That Plaintiff be awarded actual damages pursuant to Haw. Rev. Stat. § 480-13 in an amount to be determined by a jury at trial;

    h)      That Plaintiff be awarded statutory damages of not less than $1,000.00 pursuant to Haw. Rev. Stat. § 480-13;

    i)      That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to Haw. Rev. Stat. § 480-13;

    j)      That the Court declare all defenses raised by Defendant to be insufficient; and

    k)      Such other and further relief, including injunctive relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

Respectfully submitted this the 20th day of March, 2019.

                                */s/ Justin A. Brackett*
                                Justin A. Brackett, #9954
                                Attorney for Plaintiff, Keneke Kealakai